IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BYRON WHITFIELD, #39734 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25cv738 |
| | § | |
| GRAYSON COUNTY JUDICIAL | § | |
| CENTER, ET AL. | § | |

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff Byron Whitfield filed a handwritten civil rights action pursuant to 42 U.S.C. § 1983. The action was assigned to the undersigned in accordance with the Standing Order Assigning Prisoner Civil Rights Cases Filed in the Sherman Division to a Magistrate Judge. (Dkt. #3). Plaintiff consented to have a magistrate judge conduct any and all proceedings in this case. (Dkt. #9).

Mail that was sent to Plaintiff was returned and marked "Inmate Not in Custody, Released 7-16-25." (Dkt. #10). It is Plaintiff's responsibility to notify the Clerk of Court of his new address. *See* Loc. R. CV-11(d). Because Plaintiff has not updated his address with the court, he has failed to prosecute his case.

The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court; appellate review is only for abuse of that discretion. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. ISD*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also dismiss an action sua sponte when necessary to achieve the orderly and expeditious disposition of a case. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). In this case, Plaintiff's failure to submit an updated mailing address evinces his failure to prosecute his case. *See Johnson v. Dir., TDCJ-CID*, No. 6:20CV081, 2023 WL 2396910, at *1 (E.D. Tex.

Feb. 3, 2023), *report and recommendation adopted*, No. 6:20CV081, 2023 WL 2390667 (E.D. Tex. Mar. 6, 2023); *Montgomery v. Keal*, No. CIV.A.1:05-CV-5, 2009 WL 1408512, at *2 (E.D. Tex. May 19, 2009). Therefore, the case will be dismissed for failure to prosecute. Fed. R. Civ. P. 41(b).

## CONCLUSION AND ORDER

It is accordingly **ORDERED** that the case is **DISMISSED** without prejudice. Fed. R. Civ. P. 41(b).

**SIGNED this 5th day of August, 2025.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE